**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

AG RESOURCE MANAGEMENT LLC                                                                               PLAINTIFF

v.                                              No. 3:16CV00276 JLH

SOUTHERN BANK                                                                                                      DEFENDANT

**ORDER**

The issue in this case is whether Southern Bank erroneously allowed B.C. Farms to negotiate checks that, Ag Resource Management LLC argues, were made payable jointly to B.C. Farms and Ag Resource but not endorsed by Ag Resource. Ag Resource held a security interest in B.C. Farms LLC's 2015 crops and crop proceeds. To protect its security interest, Ag Resource sent notice of the lien to all potential facilities where the harvested crops could be processed. B.C. Farms sold some of its crops to Riceland Foods, Inc., which issued thirteen checks between September 30, 2015, and April 12, 2016, as payment for the crops. Riceland listed B.C. Farms as the "first payee" and listed Ag Resource at the bottom of the check—where a memo line is ordinarily located—in a line apparently designated for "other payees." Through its principal, B.C. Farms deposited the checks—totaling $119,397.32—into its account at Southern Bank. Ag Resource did not endorse any of the checks. Ag Resource alleges that it was listed as a joint payee on the checks and therefore the bank improperly paid on the checks without its endorsement. Count I alleges a claim for conversion under Ark. Code Ann. § 4-3-420 and Count II alleges a claim for common law conversion.

Southern Bank has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The Court accepts as true all of the factual allegations contained in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014). The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. The Court may consider the checks attached to the complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697, n.4 (8th Cir. 2003).

Ark. Code Ann. § 4-3-420(a) provides that the law applicable to conversion of personal property applies to negotiable instruments and imposes liability on a bank if it makes payment with respect to an instrument for a person not entitled to enforce the instrument or receive payment. Ark. Code Ann. § 4-3-110 explains the identification of a person to whom an instrument is payable. An instrument may be payable to a single payee or multiple payees, either in the alternative or jointly. If an instrument is payable to multiple payees jointly, then the instrument may only be enforced by all the payees. The bank contends that it cannot be liable for conversion because the checks were payable only to B.C. Farms. Ag Resource contends that the checks are payable to itself and B.C.

Farms, jointly, not in the alternative. The checks are attached to the complaint. Apart from variances in dates and amounts, the checks are identical. Here is an example:



Document #1-5. Ag Resource is listed at the bottom of the check, in a smaller font, and in the area where a memo line is ordinarily located. The word "and" appears near but not in line with, "Ag Resource." Ag Resource's name is in line with a section seemingly dedicated to "other payees." Contrary to Southern Bank's argument, the Court cannot say as a matter of law that Ag Resource was not a payee. The motion to dismiss is DENIED. Document #6.

    IT IS SO ORDERED this 12th day of December, 2016.

                                              J. LEON HOLMES
                                              UNITED STATES DISTRICT JUDGE