IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

AG RESOURCE MANAGEMENT, L.L.C.            PLAINTIFF

v.            3:16-CV-00276 JLH/PSH

SOUTHERN BANK            DEFENDANT

SOUTHERN BANK            THIRD PARTY PLAINTIFF

v.

B.C. FARMS LLC and
BODDY G. CLAUSE            THIRD PARTY
DEFENDANT

## STIPULATED PROTECTIVE ORDER

Ag Resource Management, L.L.C. ("AG") has served a subpoena on Riceland Foods, Inc. ("Riceland"), a non-party to this action, requiring the production of documents, electronically stored information, or tangible things pursuant to Rule 45 (a)(1)(D). AG has requested "copies of all checks (front and back) issued by Riceland Foods, Inc., during 2014, 2015 and 2016 which were payable to Southern Bank as a joint payee and lien holder." Riceland desires to protect customer information by safeguarding their identities, account numbers, and banking information in connection with the document production. The Court is advised that AG and Riceland have reached an agreement to protect the customer information, and the parties hereto have consented to the entry of this stipulated protective order in furtherance of their compromise. Upon

consideration of the pleadings, agreement of the parties and other evidence and proof, the Court finds and orders as follows:

1. **Scope.** With respect to the documents and materials to be produced by Riceland, the information related to customer identity, customer account numbers, customer banking information, and the amount of such checks are subject to this Order, and shall constitute "Confidential Information" as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2. **Protected Information.** The documents and materials produced by Riceland must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals. Except with the prior written consent of Riceland or by order of the court, the Confidential Information may only be disclosed to the following persons (unless the precautions set forth section 4 of this Order are implemented):

   a. The parties to this litigation, including any employees, agents, and representatives of the parties

   b. Counsel for the parties and employees and agents of counsel;

   c. The Court and court personnel, including any special master appointed by the court, and members of the jury;

   d. Court reporters, recorders, and videographers engaged for depositions;

   e. Any mediator appointed by the court or jointly selected by the parties;

f.  Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

g.  Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

h.  The author or recipient of the document (not including a person who received the document in the course of the litigation);

i.  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

j.  Other persons only upon consent of the producing party and on such conditions as the parties may agree.

3. **Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

4. **Filing of Confidential Information.** In the event a party seeks to file with the court any document containing Confidential Information subject to protection under this Order, that party must take appropriate action to insure that the Confidential Information receives proper protection from public disclosure including: (a) filing a modified and redacted version of the document to prevent disclosure of the Confidential

Information as that term is defined in Paragraph 1 herein; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, filing a motion for leave to file under seal.

5. **Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

6. **Obligations on Conclusion of Litigation.**

a. **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

b. **Return of Confidential Documents.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return and will certify the fact of destruction; or (3) the documents bear the notations, summations, or other mental impressions of the receiving party and that party elects to destroy the documents and certifies to the producing party that it has done so;.

c. **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

7. **Order Subject to Modification.** This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

8. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

9. **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

10. **Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case, but a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

11. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

12. **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify Riceland, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving

party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford Riceland an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. Riceland bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

14. **Modification of Subpoena by Agreement.** Riceland and AG might hereafter agree to limit the scope of the AG subpoena as well as the materials to be produced. Specifically, if the number of checks encompassed by the AG subpoena would be too burdensome or expensive to produce, then AG may authorize Riceland to provide a verified Declaration by the Custodian of Records stating the quantity of those checks in lieu of producing the checks themselves.

IT IS SO ORDERED.

*J. Leon Holmes*
U.S. District Judge

May 19, 2017
Date

APPROVED:

 /s/ Harry S. Hurst, Jr.
Harry S. Hurst, Jr. (88116)
Parker Hurst & Burnett PLC
3000 Browns Lane
PO Box 1733
Jonesboro, AR 72403
Tel: 870-268-7602
Fax: 870-268-7607
hhurst@phbfirm.com
*Counsel for Plaintiff*



 /s/ Jason C. Smith
Jason C. Smith AR #2006103
SPENCER FANE LLP
2144 E. Republic Road, Suite B300
Springfield, MO 65804
Telephone: 417.888.1000
Facsimile: 417.881.8035
E-mail: jcsmith@spencerfane.com
*Attorneys for Defendant*

## ATTACHMENT A

## ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned *Ag Resource Management, LLC v. Southern Bank*, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

_____
Signature