**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

AG RESOURCE MANAGEMENT, LLC                                            PLAINTIFF

v.                                         No. 3:16CV00276 JLH

SOUTHERN BANK                                                          DEFENDANT

v.

B.C. FARMS, LLC; and BODDY G. CLAUSE              THIRD-PARTY DEFENDANTS

<u>**OPINION AND ORDER**</u>

Ag Resource Management, LLC, brings this action to recover the proceeds from thirteen
checks issued by Riceland Foods, Inc., endorsed by B.C. Farms, LLC, and deposited at Southern
Bank.  Ag Resource loaned money to B.C. Farms, securing repayment with a lien on any crops
produced and crop proceeds earned in the year 2015.  To protect its security interest, Ag Resource
sent notice of its lien to facilities where the crops could be sold for processing, including Riceland.
B.C. Farms sold some of its crops to Riceland, which issued thirteen checks between September 30,
2015 and April 12, 2016, as payment.  Document #34 at 2, ¶6.  Through its principal, Boddy Clause,
B.C. Farms deposited the checks—totaling $119,397.32—into its account at Southern Bank.
Ag Resource did not endorse any of the checks.  Ag Resource has alleged against Southern Bank
a claim for conversion of an instrument and a claim for common law conversion.  Document #1 at
5-8, ¶¶21-38.  Southern Bank has alleged in a third-party complaint a claim against B.C. Farms and
Boddy Clause for breach of warranty under Ark. Code §§ 4-3-417(a) and 4-4-207(a).
Document #22.

AG Resource and Southern Bank have filed cross motions for summary judgment.
Documents #32 and #38. Ag Resource argues that it is entitled to partial summary judgment on its

conversion of an instrument claim because it was listed as a joint payee on the checks.  Southern Bank maintains that Ag Resource either was not a payee or was an alternative payee due to the ambiguous nature of the checks, so it is entitled to summary judgment on Ag Resource's conversion claims.  Southern Bank also argues that Ark. Code Ann. § 4-3-420(a) supplants any claim for common law conversion.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute of material fact exists only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  The Court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record.  *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015).  If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law.  *Id.*

Ark. Code Ann. § 4-3-110(d) provides:

> If an instrument is payable to two (2) or more persons alternatively, it is payable to any of them and may be negotiated, discharged or enforced by any or all of them in possession of the instrument.  If an instrument is payable to two (2) or more persons not alternatively, it is payable to all of them and may be negotiated, discharged, or enforced only by all of them.  If an instrument is payable to two (2) or more persons is ambiguous as to whether it is payable to the persons alternatively, the instrument is payable to the persons alternatively.

To determine whether the checks are payable in the alternative, payable jointly, or whether the checks are ambiguous, the Court looks to the objective intent of the issuer—Riceland—as manifested by the words and symbols used on the faces of the checks.  *See Danco, Inc. v. Commerce Bank/Shore, N.A.*, 675 A.2d 663, 666 (N.J. 1996).

Checks with an "and" between each payee name are payable jointly and checks with an "or" between each payee name are payable in the alternative.  Ark. Code Ann. § 4-3-110, Comment 4.  Checks with the payees' names separated by a virgule are payable in the alternative.  *New Wave Techs., Inc. v. Legacy Bank of Texas*, 281 S.W.3d 99, 102 (Tex. App. 2008) (collecting cases).  Checks with a semi-colon or comma between each payee name, with a hyphen between each payee name, lacking a conjunction or punctuation between payee names, or stacking payees[1] without conjunctions have been held to be ambiguous as to whether they are payable to the persons alternatively, and so are payable in the alternative.  *See Pelican Nat'l Bank v. Provident Bank of Maryland*, 849 A.2d 475, 483 (Md. 2004) (stacked payees); *Hyatt Corp. v. Palm Beach Nat'l Bank*, 840 So.2d 300, 303-304 (Fla. App. 2003) (stacked payees); *Coregis Ins. Co. v. Fleet Nat'l Bank*, 793 A.2d 254, 255 (Conn. App. 2002) (comma);  *J.R. Simplot, Inc.*, 988 P.2d 955, 960 (Wash. 1999) (hyphen).

---

[1] Stacked payees are payees listed in vertical alignment.

The checks issued by Riceland contain the phrases "FIRST PAYEE" and "OTHER PAYEES" in the lower left-hand margin.  B.C. Farms and its address are listed under the phrase "PAY TO THE ORDER OF" and beside the phrase "FIRST PAYEE."  Ag Resource is listed beside the phrase "OTHER PAYEES."  The word "AND" appears below B.C. Farms and above and to the left of Ag Resource, beside the phrase "OTHER PAYEES."  Apart from dates, amounts, and check numbers, the checks are identical.  *See* Document #32-1.  The following is an example:



Document #1-5.  Southern Bank argues that the "odd format" of Riceland's checks—listing Ag Resource below and to the right of B.C. Farms in a noticeably smaller font—creates an ambiguity.  Document #37 at 6-10.

Regardless of the unusual format, the language on the checks shows that Ag Resource is a joint payee along with B.C. Farms.  The checks say "PAY TO THE ORDER OF B.C. FARMS *AND* AG RESOURCE MANAGEMENT."  (Emphasis added.)  *See Pelican Nat'l Bank*, 849 A.2d at 483 (holding that a check is ambiguous when names are not linked with a "grammatical connector, punctuation or symbol indicating their relationship.").  Second, Ag Resource appears in the area reserved for "OTHER PAYEES."  Southern Bank argues that words written in the margin have no

legal effect.  Document #37 at 7.  Southern Bank cites no statute or case, however, that would preclude the Court or a financial institution from considering an instrument in its entirety when deciding to whom that instrument is payable.  Ark. Code Ann. § 4-31-10(d) does not refer to a payee line; rather, it refers to an "instrument."  Here, the instrument names a first payee and a second payee with "AND" between the names of the payees.  The purpose of the Uniform Commercial Code provision is "to encourage reliance on the words of an instrument in order to avoid the chilling effect on the banking industry that would result from courts conducting a detailed inquiry into the issuer's subjective intent."  *Found. Capital Res., Inc. v. JP Morgan Chase Bank, NA*, No. 11-cv-14947, 2014 WL 12694154 at *2 (E.D. Mich. March 29, 2014) (internal quotations omitted).  The presence of the word "AND" between B.C. Farms and Ag Resource, along with the phrase "OTHER PAYEES,"[2] to explain why Ag Resource is on the check renders the check unambiguously payable to B.C. Farms and Ag Resource as joint payees.

Ark. Code Ann. § 4-3-420(a) provides that the law applicable to conversion of personal property applies to negotiable instruments and imposes liability on a bank if it makes payment with respect to an instrument for a person not entitled to enforce the instrument or receive payment. Because Southern Bank failed to obtain the indorsement of Ag Resource, a joint payee, it is liable

---

[2] Though the Court's holding that the checks are payable only jointly does not rely on extrinsic evidence, but only the objective intent of Riceland as manifested by the words on the check, the extrinsic evidence in this case nevertheless corroborates the holding.  First, Riceland received notice of the lien by certified mail in August 2015, which evidences intent to make Ag Resource a joint payee.  Document #32-2 at 1, ¶3.  Second, Ag Resource submitted the affidavit of Vice President, General Counsel and Secretary of Riceland, Andrew Dallas.  Document #46-3. Dallas explains that Riceland uses the format at issue in this case when there are joint payees, one of whom is a lien holder.  *Id*. at 2, ¶5.  He cites more than two-hundred checks issued by Riceland in which Southern Bank was listed beside the phrase "OTHER PAYEES" as a joint payee and lien holder.  Document #46-1 at 2, ¶7. Southern Bank processed the checks and did not complain that they were ambiguous.  Document #46-3 at 2, ¶6.

to Ag Resource for conversion. Ark. Code Ann. § 4-3-420, Comment 1. "[T]he measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument." Ark. Code Ann. § 4-3-420(b). Ag Resource submitted the sworn affidavit of one of its loan officers, Bryan Privett, who stated that B.C. Farms's loan with Ag Resource remains unpaid with a balance that exceeds $119,397.32, which is the face value of the checks issued by Riceland, indorsed by B.C. Farms, and deposited at Southern Bank. Document #32-2 at 2, ¶8.

Ag Resource also argues that it is entitled to judgment as a matter of law on the issue of prejudgment interest. Document #33 at 9-10. Southern Bank has not responded to Ag Resource's arguments. *See* Document #37. "Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment." *Reynolds Health Care Servs., Inc. v. HMNH, Inc.*, 364 Ark. 168, 180, 217 S.W.3d 797, 807 (2005). The Arkansas Supreme Court has stated a general rule regarding the recovery of prejudgment interest: "[P]rejudgment interest is not recoverable on claims that are neither liquidated as a dollar sum nor ascertainable by fixed standards. Prejudgment interest is allowable where the amount of damages is definitely ascertainable by mathematical computation, or if the evidence furnishes data that make it possible to compute the amount without reliance on opinion or discretion." *Woodline Motor Freight, Inc. v. Troutman Oil Co., Inc.*, 327 Ark. 448, 453, 938 S.W.2d 565, 568 (1997) (internal citations omitted). Here, the amount of damages is definitely ascertainable—the face value of the checks. Ag Resource is entitled to prejudgment interest under Arkansas law. *See Pro-Comp Mgmt.*, 372 Ark. 190, 194, 272 S.W.3d 91, 95 (2008).

Ag Resource claims it is entitled to prejudgment interest at a rate of 6%. The rate of

prejudgment interest is governed by statute in some situations. *See, e.g.*, Ark. Code Ann. § 23-81-118(b)(1) (failure of insurance company to pay proceeds on life insurance policy). In other situations, Arkansas courts have awarded a simple interest rate of 6% in almost all cases dating back to 1888. 1 Howard W. Brill, Arkansas Law of Damages § 10:4 (6th ed.) (collecting cases); *see e.g.*, *St. Louis, Iron Mountain, and S. Ry. Co. v. Biggs*, 50 Ark. 169, 176, 6 S.W. 724, 727 (1888)). Prior to 2011, the Arkansas Constitution provided the basis for a 6% interest rate. *See Mo. & N. Ark. R.R. Co., Inc. v. Entergy Ark., Inc.*, 2013 WL 5442099 at *2 (E.D. Ark. Sept. 27, 2013) (citing Ark. Const. Art. 19, § 13(d)(i) (repealed by Ark. Const. amend. 89)). Now, Ark. Code Ann. § 4-57-101(d) (2013) provides that "[t]he rate of interest under a contract in which a rate of interest is not specified is six percent (6%) per annum." Here, there is no contract between Ag Resource and Southern Bank to specify or to not specify a rate of interest. Adopting Judge Marshall's reasoning in *Missouri & Northern Arkansas Railroad*, the interest rate will be 6% per annum.

Finally, Southern Bank argues in its cross motion for summary judgment that Ark. Code Ann. § 4-3-420 supplants any claim for common law conversion. Document #39 at 14. In its complaint, Ag Resource seeks to recover more than in its interest in the converted checks, contrary to Ark. Code Ann. § 4-3-420(b). Document #1 at 7-8, ¶36. It seeks consequential damages "stemming from the depletion of its capital resources, and the loss of funds that would otherwise be available to prospective customers and the interest income it would generate." *Id.*

Section 4-3-420(b) provides that "recovery may not exceed the amount of the plaintiff's interest in the instrument." The commentary explains:

> [W]hile principles of common law and equity may supplement provisions of the Uniform Commercial Code, they may not be used to supplant its provisions, or the purposes and policies those provisions reflect, unless a specific provision of the Uniform Commercial Code provides otherwise. In the absence of such a provision,

7

> the Uniform Commercial Code preempts principles of common law and equity that
> are inconsistent with either its provisions or its purposes and policies.

Ark. Code Ann. § 4-1-103, comment 2.  Arkansas courts have yet to decide whether the statute providing a claim for conversion of an instrument displaces common law conversion.  In *Adams v. Wacaster Oil Co., Inc.*, the Arkansas Court of Appeals affirmed the dismissal of a common law breach of contract claim, holding that the Uniform Commercial Code provision requiring a buyer of goods to give notice of a breach controlled.  81 Ark. App. 150, 152, 98 S.W.3d 832, 834-35 (2003) (citing *Microsize, Inc. v. Ark. Microfilm, Inc.*, 29 Ark. App. 49, 780 S.W.2d 574 (1989)).

Allowing Ag Resource to recover consequential damages under a theory of common law conversion would be inconsistent with Ark. Code Ann. § 4-3-420(b), which, as noted above, expressly limits recovery for conversion of an instrument to "the amount of the plaintiff's interest in the instrument."  This limit on recovery is a "particular provision" displacing the common law.  See Ark. Code Ann. § 4-1-103.  Southern Bank is entitled to judgment as a matter of law on Ag Resource's common-law conversion claim.

## CONCLUSION

Ag Resource's motion for partial summary judgment is GRANTED.  Document #32. Southern Bank's motion for summary judgment is GRANTED IN PART and DENIED IN PART. Document #38.

IT IS SO ORDERED this 26th day of June, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

8